

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-15-00023-CV

_____

STEVEN BROWN, Appellant

V.

TIM JACKSON CONSTRUCTION CO., INC.
D/B/A JACKSON CONSTRUCTION CO. AND
JACK YATES DRYWALL, INC., Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2013-116

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Steven Brown, appellant, filed a notice of appeal in this matter on April 16, 2015. Both the clerk's and reporter's records in this appeal were due to be filed with this Court on or before May 18, 2015. Neither of the records has been filed. Counsel for Brown mailed a temporary check for the clerk's record to the Wood County District Clerk via letter dated June 20, 2015. This check was returned to Brown's counsel on July 6, 2015, with an explanation that the clerk's office is unable to accept temporary checks. Accordingly, the clerk's office requested a different form of payment. As of the date of this opinion, Brown has failed to provide a different form of payment for the clerk's record and has not contacted the clerk's office to make any type of arrangements to pay for the clerk's record.

Likewise, there is no indication that Brown has paid or made arrangements for payment of the fee for transcription of the court reporter's record.

Unless otherwise excused, a non-indigent appellant must either pay or make arrangements for the payment of the fees related to preparation of the appellate record to ensure that the record is timely filed. TEX. R. APP. P. 35.3(a)(2), (b)(3); *see* TEX. R. APP. P. 20.1(c); 37.3(b), (c).

By letter dated June 17, 2015, and pursuant to Rules 37.3(b), 37.3(c), 42.3(b), and 42.3(c) of the Texas Rules of Appellate Procedure, our clerk's office provided Brown with notice of and an opportunity to cure these defects. *See* TEX. R. APP. P. 37.3(b), (c), 42.3(b), (c). The clerk's letter further warned Brown that if he did not submit an adequate response to our defect letter within ten days of the date of the letter, his appeal would be subject to dismissal for want of

2

prosecution. *Id.* We have received no communication from Brown responsive to the June 17 correspondence from our clerk's office, and we have not received the appellate record.

Pursuant to Rules 37.3(b) and (c) and 42.3(b) and (c) of the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution.

Bailey C. Moseley
Justice

Date Submitted:     July 27, 2015
Date Decided:      July 28, 2015